# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case no. 5:21-cr-265-LCB-HNJ** |
| ) | |
| **JEREMY MICHAEL LEE POWELL** ) | |

## **MOTION FOR PROTECTIVE ORDER**
## <u>**CONCERNING SENSITIVE DISCOVERY MATERIAL**</u>

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Government respectfully moves for a protective order concerning certain sensitive discovery material in this case. In support of this motion, the Government states as follows:

1. The indictment in this case alleges that the defendant produced and possessed child pornography.

2. The undersigned AUSA is preparing discovery to be provided to the defense in accordance with the Court's standing discovery order.

3. Discovery in this case will include evidence in the form of documents (including recordings) regarding minor children and documents that may contain personally identifying information ("PII") of the defendant, the minor victims, and/or witnesses (hereinafter "Protected Discovery Material").

4. This Protected Discovery Material may contain personal, sensitive, or proprietary information of the minor children, victims or other third party, as well as data that may prove to be irrelevant to this case.

1

5. The form of documents bearing this sensitive information makes it impractical to manually redact each document.

6. To ensure compliance with the Government's discovery obligations and expedite the exchange of discovery material between the parties, the Government seeks to disclose the Protected Discovery Material to the defendant pursuant to the protective order.

7. Rule 16(d)(1) of the Federal Rules of Criminal Procedure authorizes this Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" upon a showing of good cause.

8. Additionally, Title 18 U.S.C. § 3509(d) provides that all documents that disclose the name or any other information concerning a child shall be kept in a secure place and that disclosure of said documents should only be to persons who, by reason of their participation in the proceeding, have reason to know such information.

9. Here, there is good cause for this Court to restrict the defendant's use, dissemination and disposition of the Protected Discovery Material according to the terms set forth in the proposed protective order because it will allow the Government to provide extensive discovery to the defendant, while protecting the personal information of the minor children and victims in this case.

10. To properly balance the defendant's rights with the privacy interests of those whose Protected Discovery Material is contained in these records, the Government requests that the Court enter a protective order pursuant to Fed. R. Crim. P. 16(d)(1) that:

    a. permits the Government to disclose to defense counsel the discovery containing Protected Discovery Material; and

    b. requires defense counsel:

        i. to use the Protected Discovery Material only as necessary to prepare and present their client's defense;

        ii. to acknowledge that their client understands the sensitive nature of this discovery, that this discovery should not and will not be shared with anyone beyond defense counsel and professional members of the defense team (including paralegals, legal assistants, and expert witnesses), and that all such material in the possession of the defense team will be returned or destroyed following the completion of the case;

        iii. not to leave the Protected Discovery Material in the control or custody of the defendant or any person who is not a professional member of the defense team;

iv. to limit the defendant's access to electronically stored discovery so that the defendant cannot print, download, or otherwise retain Protected Discovery Material; and

v. to collect and return to the Government all paper and electronic copies of the Protected Discovery Material at the conclusion of the litigation in this case, or, alternatively, to destroy those items and confirm their destruction to the Government.

11. Such a protective order would provide defense counsel with needed access to discovery while appropriately protecting sensitive information.

WHEREFORE, the Government respectfully requests that the Court enter a protective order in the above-styled case.

Respectfully submitted on this the 28th day of September, 2021.

PRIM F. ESCALONA
United States Attorney


/s/ *R. Leann White*
R. Leann White
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on September 28, 2021, I filed this document electronically with the United States District Court for the Northern District of Alabama using the CM/ECF system, and thereby caused a copy to be served on the defendant's counsel of record.

/s/ *R. Leann White*
R. Leann White
Assistant United States Attorney
400 Meridian Street
Huntsville, Alabama  35801
(256) 534-8285