FILED

2023 Apr-11  PM 05:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

APR 10 2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CASE NO.** |
| | ) | **5:21-CR-00265-LCB-HNJ** |
| JEREMY MICHAEL LEE POWELL | ) | |

## PLEA AGREEMENT

The Government and the defendant, **Jeremy Michael Lee Powell,** hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **COUNTS ONE** and **THREE** of the **Indictment** filed in the above-numbered and -captioned matter; (ii), pay restitution for the full extent of his conduct, relating to the counts of conviction and any dismissed charges, and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement.  In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss Counts Two, Four, and Five after sentencing and recommend the disposition specified below, subject to the conditions in section **VII**.

Defendant's Initials

## TERMS OF THE AGREEMENT

### I.   MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for each count of Production of Child Pornography, in violation of Title 18, United States Code, Section 2251, as charged in **COUNTS ONE AND THREE** is:

A. Imprisonment of not less than 15 years to no more than 30 years;

B. A fine of not more than $250,000;

C. Both (a and b);

D. Supervised release term of five years to LIFE;

E. Special Assessment Fee of $100;

F. Additional Mandatory Assessment under 18 U.S.C. § 3014 of $5,000, if the defendant is not indigent;[1]

G. AVAA Special Assessment Fee under 18 U.S.C. § 2259A of up to $50,000.[2]

---

[1] Pursuant to 18 U.S.C. § 3014(a)(3), "beginning on the date of enactment of the Justice for Victims of Trafficking Act of 2015 and ending on September 11, 2022, in addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000 on any non-indigent person…" convicted of production of child pornography.
[2] 18 U.S.C. § 2259A(a)(3) provides that "[i]n addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess - …" not more than $50,000 on any individual convicted of production of child pornography.

Defendant's Initials

    H. Registration as a sex offender under the Sex Offender Registration and Notification Act; and

    I. Restitution.

## II.    FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On July 23, 2020, in a counseling session, a six-year-old male, MINOR 1, disclosed witnessing Jeremy Powell (the defendant) "having sex" with MINOR 1's seven and eight-year-old sisters, MINOR 2 and MINOR 3. He stated that he saw the defendant engage in anal-genital sexual intercourse with MINOR 2 and MINOR 3 on multiple occasions at "Gigi and Pop's house." MINOR 1 said the defendant would sleep in the same bed as MINOR 2 and MINOR 3. He also said the defendant danced with MINOR 2 and MINOR 3 like they were boyfriend/girlfriend. He reported that MINOR 2 and MINOR 3 frequently cried around the defendant and complained that "it hurts." MINOR 1 said that if the children talked about the defendant "they would go to a hotel."

On July 24, 2020, Investigator Kristin King of the Limestone County Sheriff's Office, was informed of this disclosure by the Department of Human Resources (DHR) and encountered the defendant near the courthouse in Athens, Alabama. She asked to speak with him and offered him a ride to the sheriff's office.

    Defendant's Initials _____

Once there, he was *Mirandized* and agreed to speak with her. The defendant said MINOR 3 (eight years old), MINOR 2 (seven years old), and MINOR 1 (six years old) were not blood relations, but that he was "kind of their cousin" and their godfather. He viewed the children as "kind of like his own kids."

The defendant said that DHR had placed the children with his parents, M.P. and S.P., in February of 2020. Their house is in Lester, Alabama, which is within the Northern District of Alabama. The defendant had been living with his parents but moved out when the children were placed there.

The defendant said that DHR would no longer allow him to be around the children. He said this was because DHR did not like the children calling him "Dada." He stated that the children's father was not in their life, and he had "stepped up." The defendant said that MINOR 3 "turned his life around" as he was not "in the right head space" before he met her. He recalled that when he saw MINOR 3, she smiled at him, and "something in [his] head just clicked." He described MINOR 3 as his "weakness."

The defendant stated that 10 months ago he had been told by DHR to stay away from MINOR 1, MINOR 2, and MINOR 3. He stated that back then he had always helped the children's mother with the children. He stated that he did everything for them and that their mother would pay him to babysit the children while she worked.

Defendant's Initials

The defendant said he was close with both MINOR 2 and MINOR 3. He also admitted that since the children have been placed at his parents' house (in February 2020), he had gone there to cook for them and would spend the night. He also stated that he provided for them financially by purchasing things for them. MINOR 2 and MINOR 3 had problems with urinary incontinence, and he said he bought pullups for them.

Investigator King told the defendant about MINOR 1's disclosure. The defendant adamantly denied touching MINOR 2 and MINOR 3 in any inappropriate way. He then denied ever spending the night with the children at his parent's house. The defendant suggested that MINOR 1 was upset because MINOR 1 thought that he loved MINOR 2 and MINOR 3 more than MINOR 1.

Investigator King asked the defendant if she could look through his phone. After being told that they would be looking for pictures of the children, the defendant granted consent to search his phone and signed a consent to search form. At the request of the investigator, the defendant provided the password pattern for his phone as well as a secondary password for his "app lock." The phone, an LG LM-X420MM K40, was given to Lt. Morell, who copied the device. Once it was complete, the phone was given back to the defendant.

Investigator King and the defendant left the sheriff's office traveling to the defendant's residence. Before they arrived, Lt. Morell called Investigator King and

Defendant's Initials

informed her that he located an image of a male penetrating a child from the download off the defendant's phone. Lt. Morell stated that he ceased further review of the download until a search warrant was obtained. At that point, Investigator King returned to the sheriff's office with the defendant.

Once they arrived, the defendant was taken back to the interview room. Investigator King viewed the image Lt. Morell discovered. The image was of a female child who was being anally penetrated by an adult white male. The child was wearing a pull-up diaper which was pulled down. Investigator King was familiar with the children and the Powell's residence.  She noticed that the skin tone and age of the child were consistent with MINOR 2 and MINOR 3 and that the background of the image was consistent with the defendant's residence.

The defendant was arrested and informed of what the investigators had found. Investigator King then asked him if he wanted to talk about it, and the defendant said yes. She reminded him of his *Miranda* rights.

The defendant admitted that he had penetrated MINOR 2 and MINOR 3 anally. He said it began about two months prior and occurred at his parent's house. The defendant said it last happened about one month prior. He said that they did not bleed or cry, but that he does not remember if they said anything. When asked about the picture of the abuse, the defendant said he did not remember taking a picture. He said that he "blacks out" and then some of the memories come back. The defendant

stated that MINOR 2 and MINOR 3 had told him he did it. He said that he knew he was a monster and that it would never happen again.

A state search warrant was obtained for the defendant's phone. In the phone's data, investigators located a total of 47 images depicting a child less than 12 years of age with their buttocks and/or vagina exposed. Eleven of those images depict the penis of an adult white male penetrating the anus of a child. The children depicted in those 11 images are consistent in skin tone and build with MINOR 2 and MINOR 3.

On July 27, 2020, a state search warrant was obtained for the defendant's parents' residence where child sexual exploitation occurred. It was executed on July 30, 2020. While at the home, the defendant's parents showed investigators the bedroom used by MINOR 2 and MINOR 3. It contained a large, bare mattress with beige/tan silky fabric, which appeared to be the same color and material as that depicted in the child exploitation imagery found on the defendant's phone.

The charges in the indictment are based on the following images produced by the defendant:

**Count 1**
Image 1:  thumbdata4-1763508120_embedded_19.jpg
Description:  This image depicted the erect penis of an adult male inserted into the anus of a child. The child was wearing what appeared to be a pink shirt and blue bottoms. The photo appeared to be taken by the adult male as he sexually abused the child.

Defendant's Initials

**Count 2**
Image 2:  imgcache.0_embedded_1048.jpg
Description:  This image depicted the erect penis of an adult male inserted into the anus of a child. The child was wearing what appeared to be a pink shirt and blue bottoms. The photo appeared to be taken by the adult male as he sexually abused the child. This image is similar to Image 1 but contained more of the shirt of the child victim than Image 1.

**Count 3**
Image 3:  imgcache.0_embedded_1051.jpg
Description:  This image depicted the erect penis of an adult male inserted into the anus of a child. The child was laying on her side while the adult male stood over her on the edge of the bed. The child was laying on, what appeared to be, a pink sheet or blanket. A pink shirt with blue pajama bottoms could be seen. It appeared that there was the top portion of a pull-up/diaper under the blue bottoms.

**Count 4**
Image 4:  imgcache.0_embedded_1806.jpg
Description:  This image depicted a child laying on a white or creme colored mattress with a design sewn into the mattress with her vaginal area exposed to the camera. The mattress appeared to be the same mattress seen in the Search Warrant photos taken from the Powell's residence, specifically image IMG_2237.JPG. The child had a diaper that was pulled down to expose the vagina to the camera. There was a purple blanket with white designs in the image.

The LG LM-X420 phone was manufactured outside the United States. Telephones and cellular telephones are instrumentalities of interstate commerce, even when they are used intrastate. *United States v. Evans*, 476 F.3d 1176, 1180-81 (11th Cir. 2007).

Forensic interviews of the minor children were conducted on August 19, 2021. MINOR 3 explained how the defendant would insert his penis in her bottom. She said that the defendant did the same thing to MINOR 2 and that he would make her



be the lookout to make sure no one would catch him. MINOR 3 also said that the defendant told her not to tell anyone.

MINOR 2 explained how the defendant inserted his penis in her bottom and stated that it hurt. She said that it happened at the defendant's parents' house. She stated that the defendant did the same thing to MINOR 3 and that MINOR 3 would cry but the defendant told her to be quiet because he didn't want his parents to hear. MINOR 3 also stated that the defendant would take pictures and videos of "the bad thing" but that the defendant would want them to stop crying and "to get over it." MINOR 3 explained that the defendant used his phone to take videos. She said that the defendant would take videos of him doing the "bad thing" to MINOR 3 but that he would delete them because his parents would check his phone.  MINOR 2 stated that the defendant would take pictures of him inserting his penis in her bottom. MINOR 2 also stated that he told her to keep it a secret.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence.  The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

**JEREMY MICHAEL LEE POWELL**

Defendant's Initials

III.    **RECOMMENDED SENTENCE**

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

A.    That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

B.    That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term of 25 years on Count 1 and 25 years on Count 3 to run consecutive to each other for a total of **50 years** of incarceration;

C.    That following the said term of imprisonment, the defendant be placed on supervised release **for life**, subject to the Court's standard conditions of supervised release and the following special condition(s):

1. That the defendant be required to be registered as a sex offender for the full term of his supervised release or for the full term provided

Defendant's Initials

for under the law of the jurisdiction he chooses as his domicile, whichever is longer;

2. That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Office. This includes prohibiting the defendant from having any contact with any child by telephone or the Internet. The defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

3. That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, and plethysmography testing at the direction of the Probation Officer;

4. That the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall contribute to the cost of treatment according to the defendant's ability to pay;

5. That the defendant shall initially register with the state sex offender registration agency in Alabama according to Alabama state law, and shall also register with the state sex offender registration agency according to the law of any state in which the defendant resides, is employed, or is attending school. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment; and

6. That the defendant be prohibited from using any computer, or any other device (including a cell phone), with Internet access, unless approved in advance by the Probation Officer, or required for employment. If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device (including a cell phone) that the defendant possesses or has access to, including any internal or external peripherals. This may

Defendant's Initials

require temporary removal of the equipment for a more thorough inspection. The defendant shall not possess or use any data encryption technique or program. According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's computer usage, if directed by the Probation Officer.

D.    That the defendant be required to pay restitution to all the victims of the defendant's crimes.

E.    That the defendant pay an additional mandatory assessment under 18 U.S.C. § 3014 of $5,000 per count, if the defendant is non-indigent;

F.    **That the defendant not have any contact with the victims;**

G.    That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

H.    That the defendant pay a special assessment of $200, said amount due and owing as of the date sentence is pronounced;

I.    That the defendant be ordered to pay an AVAA Special Assessment Fee under 18 U.S.C. § 2259A of up to $50,000 to be determined by the Court; and

J.    Should the Government learn that the defendant has sexually abused or assault any minor or committed any other crime of violence or if any other victim should come forward prior to the defendant's sentencing, this agreement will be considered **NULL AND VOID.**

## IV.    WAIVERS

A.    STATUTE OF LIMITATIONS WAIVER

**In consideration of the recommended disposition of this case, I, JEREMY**

**MICHAEL LEE POWELL, hereby understand, acknowledge, and agree that**

Defendant's Initials

if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.

### B.   RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, JEREMY MICHAEL LEE POWELL, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose.  Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1.   Any sentence imposed in excess of the applicable statutory

Defendant's Initials _JP_

maximum sentence(s);

2.    Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3.    Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction.    The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, JEREMY MICHAEL LEE POWELL, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
JEREMY MICHAEL LEE POWELL

## V.    UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature.  Sentencing is in the Court's discretion and is not required to be within the guideline range.  The defendant agrees that,

Defendant's Initials JP

pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.  AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation.  Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII.  VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained

Defendant's Initials

herein.  Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII.    OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX.    COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to

Defendant's Initials JP

administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's ~~Office to obtain a credit report on the defendant in order to evaluate the defendant's~~ ability to satisfy any financial obligation imposed by the Court.

## X.   AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those

Defendant's Initials

counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

## XI. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII. IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any

Defendant's Initials

immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIII.      SEX OFFENDER REGISTRATION

The defendant understands that by pleading guilty, the defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d) and this Plea Agreement. The defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life and may be initiated by the entering of his plea of guilty or a finding of guilt, regardless of whether a sentence has been imposed or adjudication has been withheld. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Alabama prior to incarceration or following release from prison, he will be subject to the registration requirements of Alabama Code § 13A-11-200, *et. seq.* and other relevant Alabama law, which includes a

Defendant's Initials

registration requirement after a plea or finding of guilt. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his/her release from confinement following conviction.

## XIV.   DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of ~~Twenty-Two (22) pages. I have discussed the case and my constitutional and other~~ rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: *N/A*

_____
(If none, please state "None" or "N/A")

Defendant's Initials _JP_

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

4-7-23
_____
DATE

_____
**JEREMY MICHAEL LEE POWELL**
Defendant

## XV.  COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses.  My client has conveyed to me that my client understands this plea agreement and consents to all its terms.  I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment.  I concur in the entry of the plea agreement on the terms and conditions set forth herein.

4-7-23
_____
DATE

_____
**BRUCE GARDNER**
Defendant's Counsel

Defendant's Initials

## XVI.     GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea

and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

_____        _____
DATE                           R. LEANN WHITE
                               Assistant United States Attorney

*(Revised June 2022)*          Defendant's Initials _____