# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | Case no. 5:21-cr-265-LCB-HNJ |
| ) | |
| JEREMY MICHAEL LEE POWELL ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States asserts that a consideration of the applicable sentencing factors pursuant to 18 U.S.C. § 3553(a) warrants a sentence of incarceration of 600 months, followed by supervised release for life.

## I.   Background

On April 10, 2023, the defendant, Jeremy Powell, pled guilty to two counts of production of child pornography, in violation of 18 U.S.C. §2251(a). These offenses each carry a mandatory minimum term of imprisonment of 15 years up to the maximum of 30 years imprisonment. 18 U.S.C. § 2251(e). It also carries a minimum term of five years supervised release up to a lifetime term, full restitution to victims, and special assessments. 18 U.S.C. §§ 2259, 2259A, 3013, 3014, 3583(k).

## II.  Application of the Sentencing Guidelines

The United States hereby represents that it has reviewed the Probation

1

Office's presentence report in this matter and does not dispute any of the facts or factors set out therein. The PSR contains a thorough review of the factual circumstances underlying this prosecution, accurately catalogues Powell's criminal history, and appropriately takes into account Powell's acceptance of responsibility. It correctly calculates Powell's advisory guideline range—which includes enhancements based on the nature of the child sexual abuse images, the ages of the child victims, and Powell's pattern of behavior—to be 720 months.

Regardless, in all cases, the district court must "conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense," and reach "an informed and individualized judgment in each case as to what is 'sufficient, but not greater than necessary' to fulfill the purposes of sentencing." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). Such an individualized review of this case shows that a sentence of 600 months followed by a lifetime term of supervised release is an appropriate outcome.

### III.   Factors under 18 U.S.C. § 3553(a)

The § 3553(a) factors also support the sentence requested by the government in this case. Specifically relevant here is the nature of the offense and the history and characteristics of the defendant; the need for the sentence to promote respect for the law, provide specific and general deterrence, and protect the public; and the kinds

of sentences available.

    **A.**    **The nature and circumstances of the offense and the history and characteristics of the defendant**

In considering these elements, it is important to note at the outset that there is "no limitation . . . on the information concerning the background, character and conduct of a person convicted of an offense which a court . . . may receive for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Therefore, the court can and should take all Powell's conduct into consideration to fashion an appropriate sentence in this case.

Powell befriended the minor children's mother and manipulated the three minor children (six, seven, and eight years of age). Powell knew the mother needed childcare assistance, so he gladly offered to assist with the children – offering to baby-sit while the mother worked, pick the children up from school, fix them meals, bathe them, etc... Powell also took full advantage of the fact that the children's father was not in contact with them, and Powell convinced the children to call him "da-da."

When Powell was first questioned regarding his relationship with the minor children, he adamantly denied abusing the children or touching them in any inappropriate way. It wasn't until he was confronted with the sexual abuse images

3

involving the children found on his cell phone that Powell admitted that he had anally penetrated the seven- and eight-year-old children.

Although Powell claimed that the children did not bleed or cry during the sexual abuse, the children stated that it did hurt, and that Powell would tell them to be quiet, stop crying, and "to get over it."  Powell would make the children watch as he sexually assaulted their sibling or would make them be a look-out during the assault.  He also told each of them to keep it a secret and to not tell anyone.

The nature of the physical harm to the child victims, combined with the psychological cruelty, and considered in conjunction with Powell's history and characteristics detailed in the PSR, justify a sentence of 600 months incarceration, followed by a life term of supervised release.

> **B.     The need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; and (c) to protect the public from further crimes of the defendant**

As the Eleventh Circuit explained in *United States v. Irey*: "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime."  612 F.3d 1160, 1206 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1813 (2011).  "Child sex crimes are among the most egregious and despicable of societal and criminal offenses…" *United States v. Sarras*, 575 F.3d

1191, 1220 (11th Circuit 2009) (discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable). Here, the seriousness of the crime, taken with the need for just punishment and the overwhelming danger that Powell poses to children in the community, weigh heavily in favor of a sentence of 600 months.

### (a) Seriousness of the offense, promotion of respect for the law, and provision of just punishment

In formulating a sentence that considers the seriousness of the offense and provides just punishment, the Court should consider the way Powell committed the offenses of conviction – by manipulation and intimidation. Powell's repeated sexual abuse of the child victims in this case is undoubtedly serious offenses. Moreover, Powell perpetrated this offense in a calculated, manipulative, and mischievous fashion.

This Court's sentence must also consider the need to "promote respect for the law." 18 U.S.C. § 3353(a)(2)(A). Child sexual abuse "is grossly intrusive in the lives of children and is harmful to their normal psychological, emotional and sexual development in ways which no just or humane society can tolerate." S*ee Kennedy v. Louisiana*, 554 U.S. 407, 468 (2008) ((Alito J., joined by Roberts, C.J., Scalia, and Thomas, JJ., dissenting) (quoting C. Bagley & K. King, Child Sexual Abuse: The Search for Healing 2 (1990)). A strong message needs to be sent to those who

5

commit these kinds of offenses.

### (b) To afford adequate deterrence to criminal conduct

Deterrence is important for crimes involving the sexual molestation and abuse of children. Based on the nature of Powell's crime and conduct, there is a compelling need to deter future similar conduct by him and other like-minded individuals with a sexual interest in children. Congress, the Supreme Court, and the Sentencing Commission believe general deterrence is a very important factor when considering an appropriate sentence. *Irey*, 612 F.3d at 1206.

Powell's tendencies and pattern of conduct make him a dangerous predator of children in our community. He poses a constant and perpetual threat to children now and will continue to do so years from now. A sentence of 600 months protects children in the community for a considerable period. It also signals to other individuals sharing Powell's felonious interests that such behavior is abhorrent and will be punished harshly.

### (c) Protect the public from further crimes of the defendant

The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class..." *Smith v. Doe*, 538 U.S. 84, 103 (2003). Powell fits well-within that class. As this Circuit recognized in *Irey*, research in this field is "consistent with what judicial decisions

show: pedophiles who have sexually abused children are a threat to continue doing so, and age does not remove the threat." 612 F.3d at 1214 (citing various studies and reports); *see also United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008) ("sex offenders have appalling rates of recidivism and their crimes are under-reported."); *United States v. Allison*, 447 F.3d 402, 405–06 (5th Cir. 2006) ("Congress explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders."). Powell's sexual interests and his repeat sexual molestation of children ages six, seven, and eight years of age evidence a high probability of recidivism. A strong need thus exists to protect children in the community from Powell — now and well into the future.

### C. The kinds of sentences available

As discussed below, supervised release is also an important factor to consider in fashioning the appropriate sentence. Unlike with other offenses, the Court is not limited by a statutory cap on the term of supervised release. *See* 18 U.S.C. § 3583(b), (k). For certain sex offenses, including those at issue here, the available supervised release is a minimum of 5 years up to a lifetime term. 18 U.S.C. § 3583(k). This is an important addition to the Court's sentencing authority because it ensures that upon release from incarceration, the Court retains the ability to protect the public from the defendant's crimes. Accordingly, the combined

sentence of 600 months incarceration followed by the requested lifetime supervised release, serves the purposes of sentencing.

## IV.  Supervised Release

As previously stated, following his term of incarceration, a lifetime term of supervised release is both necessary and appropriate in this case.  Notably, the Sentencing Guidelines also recommend a lifetime term of supervised release for sex offenders, U.S.S.G. § 5D1.2(b) (Policy Statement).  Together, 5D1.2(b) and § 3583(k), which implements a 5 year minimum term of supervised release up to a lifetime term for certain sex offenses, "reflect[] the judgment of Congress and the Sentencing Commission that a lifetime term of supervised release is appropriate for sex offenders in order to protect the public."  *United States v. Morace*, 594 F.3d 340, 351 (4th Cir. 2010) (quoting *United States v. Daniels*, 541 F.3d 915, 923 (9th Cir. 2008)); *see also United States v. Young*, 502 F. App'x 726, 729 (10th Cir. 2012) (collecting cases from sister circuits that have upheld lifetime supervision for defendants convicted of child pornography possession and trafficking offenses); *United States v. Galarza*, 625 F. App'x 434 (11th Cir. 2015) (per curiam) (collecting cases in the Eleventh Circuit finding a life term of supervised release was substantively reasonable).  In imposing a term of supervised release, the Court is again guided by the considerations in § 3553(a).

As detailed above, those factors here show that Powell was a contact sex offender, who used manipulative tactics to gain access to and control of three young children who he sexually exploited. These factors show that monitoring and supervision are necessary to prevent Powell from reoffending.

**V.    Special Assessments**

In addition to the standard special assessment, Powell is subject to two additional assessments: (1) the Amy, Vicky, and Andy Child Pornography Victim Assistance Act and (2) the Justice for Victims of Trafficking Act.

**A. Amy, Vicky, and Andy Child Pornography Victim Assistance Act (AVAA)**

The AVAA created new special assessments specific to child pornography offenses. Under 18 U.S.C. § 2259A(a)(3), the court shall assess not more than $50,000 per count on those defendants convicted of production of child pornography. The assessments collected under this statute are deposited in the Child Pornography Victims Reserve, which provides monetary assistance to victims of child pornography trafficking offenses. S*ee* §§ 3359(d) & 2259B. In determining what amount to assess, the Court must consider the § 3553(a) factors, as well as the factors in § 3572, which include the defendant's earning capacity; whether restitution is ordered; and the expected costs to the government of

9

imprisonment, supervised release, or probation. The Government defers to the Court for the appropriate assessment under the AVAA.[1]

### B. Justice for Victims of Trafficking Act (JVTA)

Powell's conviction also carries a mandatory $5,000 special assessment. 18 U.S.C. § 3014.[2] Under the Justice for Victims of Trafficking Act (JVTA), the Court "shall" impose a $5,000 assessment per count of conviction on any non-indigent person convicted of an offense in Chapter 110, like Powell's crime. 18 U.S.C. § 3014(a)(3). It is the defendant's burden to show indigence and if he does not meet that burden, there is "no room for discretion" and the special assessment must be imposed. *United States v. Shepherd*, 922 F.3d 753, 757 (6th Cir. 2019).

Although, unlike the previously discussed assessment, the statute here is silent on whether the court can consider future earnings, multiple circuit courts of appeal have affirmed a wholistic approach, considering both the defendant's current ability to pay and the defendant's earnings capacity. *See, e.g., United States v. Strange*, 692 F. App'x 346, 349 (9th Cir. 2017) ("Because [defendant's] capacity to work is relevant to whether he can comply with a three-year payment plan, the district court properly took into account that [defendant] was 'able-bodied,'" affirming the

---

[1] By statute a defendant's financial obligations are to be paid in the following order: first, the $100 special assessment under 18 U.S.C. § 3103; second, restitution to identified victims; third, any AVAA special assessment; and finally, other fines or costs. 18 U.S.C. § 2599A(d)(2).
[2] The JVTA was enacted in 2015 and continues through December 23, 2024.

imposition of the $5,000 special assessment); *United States v. Graves*, 908 F.3d 137, 138 (5th Cir. 2018); *United States v. Kelley*, 861 F.3d 790, 802 (8th Cir. 2017); *United States v. Janatsch*, 722 F. App'x 806, 811 (10th Cir. 2018); *United States v. Lail*, 736 F. App'x 381, 382 (4th Cir. 2018) (per curiam).   Here, too, the government defers to the Court on whether Powell has met his burden.

## VI. Conclusion

Based on the facts in this case and in accordance with the plea agreement, the government recommends a sentence of 600 months[3], followed by a supervised release term of life.

Respectfully submitted, this the 18th day of July, 2023.

                                       PRIM F. ESCALONA
                                       UNITED STATES ATTORNEY

By:   */s/ R. Leann White*
       R. LEANN WHITE
       Assistant United States Attorney
       United States Attorney's Office
       200 Davis Circle
       Huntsville, AL 35801

---

[3] 300 months on count 1 and 300 months on count 3 to run consecutive to each other for a total of 600 months incarceration.

## CERTIFICATE OF SERVICE

I certify that on July 18, 2023, I filed this document electronically with the United States District Court for the Northern District of Alabama using the CM/ECF system, and thereby caused a copy to be served on the defendant.

*/s/ R. Leann White*
R. LEANN WHITE